IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TYRUS ROBINSON, : | |
| : | |
| Plaintiff, : | |
| VS. : | |
| : | NO. 5:15-CV-00278-MTT-MSH |
| WASHINGTON COUNTY : | |
| GEORGIA, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

## ORDER

*Pro se* Plaintiff Tyrus Robinson, an inmate currently confined at the Washington County Jail in Sandersville, Georgia, filed a complaint under 42 U.S.C. § 1983 but did not pay the filing fee or file a motion to proceed without the prepayment of the filing fee. In addition, Plaintiff did not file his complaint on the Court's standard § 1983 forms. Accordingly, in an order dated July 30, 2015, the United States Magistrate Judge ordered Plaintiff to submit a proper motion to proceed *in forma pauperis*, to include a certified copy of his prison trust fund account statement, and recast his complaint on the appropriate form. Plaintiff was instructed that if he did not timely and fully comply with the Court's order, his action would be dismissed. Plaintiff was also instructed that if he wished to withdraw his complaint without paying the filing fee, he should file a motion to dismiss the action. Plaintiff was given twenty-one (21) days to respond to the Court's order. (Order 1-2, July 30, 2015, ECF No. 5.)

The time for compliance passed, and Plaintiff filed no response. Thus, the Magistrate Judge ordered Plaintiff on August 28, 2015 to respond and show cause why his lawsuit should not be dismissed for failure to comply with the Court's orders and instructions. Plaintiff's response was due within twenty-one (21) days of the date of the Order, and Plaintiff was advised that his failure to respond would result in the dismissal of Plaintiff's Complaint. (Order 1-2, Aug. 28, 2015, ECF No. 7.)

The time for responding to the Show Cause Order has passed, and Plaintiff has still failed to respond.[1] Accordingly, because of Plaintiff's failure to pay the required filing fee, failure to comply with the Court's instructions and orders, and failure to otherwise diligently prosecute this action, his Complaint shall be **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)).

**SO ORDERED**, this 13th day of October, 2015.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT

---

[1] The Court's orders have been returned to the Court as undeliverable, and despite being instructed to advise the Court of any change of address, Plaintiff has failed to do so. An offender inquiry search on the Georgia Department of Corrections website does not reveal where Plaintiff is currently incarcerated.